LAWRENCE E. LOCKMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lockman v. Commissioner
Docket No. 19954-83.
United States Tax Court
T.C. Memo 1985-427; 1985 Tax Ct. Memo LEXIS 208; 50 T.C.M. (CCH) 790; T.C.M. (RIA) 85427; August 14, 1985. Lawrence E. Lockman, pro se. Barry J. Laterman, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined the following deficiencies and additions to tax in respect of petitioner's Federal income tax for the years 1980 and 1981: Additions to
Tax, I.R.C. 1954
Year
Deficiency
Sec.6653(b)
Sec.6654(a)
1980
$4,178
$2,089
$266.20
1981
4,444
2,222
336.78
Various tax protester type contentions have been raised by petitioner in opposition to the Commissioner's determination. FINDINGS OF FACT
*209 Petitioner was a resident of Maine at the time he filed his petition herein. During the years in issue as well as for a number of years prior thereto, he worked for the Diamond International Corporation. He received $18,843.47 in 1980 and $18,422.22 in 1981 from that employer in "consideration" for his labor. In 1981, he additionally received "[w]ages, tips, and other compensation", totaling $1,150.46, from Local 80, presumably a labor union. Although petitioner had filed separate individual Federal income tax returns for the years 1970 through 1974, and a joint return with his wife for 1975, he did not file any returns for any of the years 1976 through 1981. [1]
*210 Petitioner is a tax protester who has written numerous newspaper articles attacking the IRS. In this proceeding, he has not undertaken to show any error in the Commissioner's determination. Instead, he has made numerous tax protester type arguments challenging, for example, his status as a "person" liable for income tax, the legality of Form 1040's Privacy Act [2] notice, and the idea that the receipt of payment for his labor is income subject to tax. In order to avoid withholding of tax from his wages by his employer, petitioner filed on March 20, 1976, a Form W-4E, Exemption From Withholding (of Federal Income Tax), on which he certified that he had "incurred no liability for Federal income tax for 1975" and declared that he anticipated incurring "no liability for Federal income tax for 1976". On December 12, 1977, he filed a Form W-4, Employee's Withholding Allowance Certificate, on which he wrongfully claimed twelve withholding allowances. On April 3, 1980, he filed a Form W-4 on which he incorrectly certified that he owed no Federal income tax *211 in 1979 and stated that he would owe no tax in 1980. Petitioner's liability for income taxes in respect of the years 1976 through 1979 was the subject of litigation in this Court. There, as here, petitioner contended that his compensation for services rendered to his employer were not taxable. In oral findings of fact and a bench opinion rendered on March 8, 1983, the Court not only held petitioner liable for deficiencies determined against him for each of those years but also sustained additions for fraud under section 6653(b) in respect of each such year. Lockman v. Commissioner, Docket No. 5847-81. The Court of Appeals for the First Circuit affirmed without opinion on April 6, 1984 (740 F. 2d 952), and judgment was entered against him with costs (1st Cir., docket No. 83-1553). On April 13, 1983, the Commissioner issued the deficiency notice herein, in which he determined that petitioner received salary and wage income totaling $18,843.47 in 1980 and $19,572.68 in 1981, amounts which were equal for each year to the total "consideration" received from Diamond International plus, in 1981, the "[w]ages" received from Local 80. He also determined additions *212 to tax for each year under sections 6653(b) and 6654(a) for fraud and for failure to pay estimated tax, respectively. Petitioner thereupon, on July 12, 1983, filed his petition herein challenging the Commissioner's determinations. OPINION The burden of proof as to the basic deficiencies as well as the additions to tax under section 6654(a) rested upon petitioner. He has completely failed to carry that burden. Apart from a paragraph in the stipulation of facts to the effect that petitioner had four dependent children during the taxable years, the record is utterly devoid of any evidence to establish that the Commissioner's determination was erroneous in respect of the basic deficiencies and the section 6654(a) additions to tax. Instead of attempting to carry his burden of proof petitioner launched into an intemperate attack upon the IRS, accusing it, inter alia, of intimidation, KGB tactics, harassment, fraud, and theft. Notwithstanding his protest that he is not a tax protester, he is precisely that.He has made numerous and extended arguments that the labor which he "sold" was valuable and not taxable because the "consideration" that he received therefor was not shown to *213 be greater than his "basis" therein; that he signed the W-4 forms under duress; that there was failure to comply with the Privacy Act; and that the deficiencies were erroneous for various other reasons, none of which have any validity. Such contentions have frequently been held to be frivolous. We need not pursue the matter any further. The burden of proof as to the additions for fraud was upon the Government, and we are satisfied that it has carried that burden with the required clear and convincing evidence. Petitioner is a highly knowledgeable, sophisticated, and articulate person, having considerable familiarity with our tax laws. He filed income tax returns for the years 1970 through 1975, prior to embarking on his campaign of tax protest. He knew full well that he owed taxes for the years in issue, 1980 and 1981. He filed false W-4 and W-4E forms. We have no doubt on the evidence that fraud has been established, and we so find as a fact. Finally, in view of the frivolous and groundless nature of petitioner's position, which he has been persistently pressing, he has abused the process of this Court. Damages in the amount of $5,000 will be awarded to the United States *214 under section 6673, I.R.C. 1954. In order that the amounts of the deficiencies determined by the Commissioner may be revised downward to take into account the exemptions for petitioner's stipulated four dependent children, Decision will be entered under Rule 155.
Footnotes
1. However, on January 1, 1983, petitioner forwarded to the Internal Revenue Service an unsigned Form 1040, U.S. Individual Income Tax Return, for 1981 on which he reported a $2,923 "[b]usiness * * * loss" and claimed a refund of all withheld Federal income and FICA taxes. The "[b]usiness * * * loss" was computed as follows: Gross receipts (total "consideration" and wages
$19,572.68 received from employers)
Minus: Cost of labor
(19,572.68)
Net purchases
( 2,653.00)
Other deductions
( 270.00)
Net loss
( 2,923.00)
Petitioner's apparent theory in calculating the loss was that he was entitled to reduce receipts generated by his labor by a basis equal to the fair market value of the labor. Petitioner explicitly stated on this Form 1040 that it was submitted "FOR INFORMATION ONLY", and that it was "NOT A RETURN".↩
2. Privacy Act of 1974, Pub. L. 93-579, 88 Stat. 1896 (1974), codified at 5 U.S.C. sec. 552a (1982)↩.